UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOLLINGER AMELIA REPAIR, LLC and BOLLINGER ALGIERS, LLC | *   CIVIL ACTION |
| | *   NO. 19-CV-13145 |
| Versus | *   SECTION "T" (3) |
| BOUCHARD TRANSPORTATION CO., *ET AL* | *   JUDGE GUIDRY |
| *   *   *   *   *   *   *   * | *   MAG. DOUGLAS |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Bouchard Transportation Co., Inc. *in personam,* B. No. 240 Corp., *in personam*, B. No. 275 Corp. *in personam*, B. No. 235 Corp., *in personam*, and Tug Ralph E. Bouchard Corp.*, in personam*, (hereinafter sometimes collectively referred to as the "Bouchard Interests"), and for Answer to the Complaint of Bollinger Amelia Repair, LLC and Bollinger Algiers, LLC (hereinafter collectively "Bollinger"), allege and aver upon information and belief as follows:

## FIRST DEFENSE

Bollinger's Complaint fails to state a claim against the Bouchard Interests upon which relief can be granted.

## SECOND DEFENSE

AND NOW, answering the specific allegations of Bollinger's Complaint, the Bouchard Interests:

State that Article 1 does not state allegations of fact for which an answer is required; however, if an answer is required, the Bouchard Interests do not contest the Court's jurisdiction;

1

Deny Articles 2 and 3 for lack of sufficient information or knowledge to justify a belief of the truth of the allegations of fact made therein;

Admit Articles 4-8;

Deny Article 9, except to admit that Bollinger was retained to repair Barge B. No. 240 on or about October 2018 and that the Bouchard Interests paid Bollinger certain amounts for that repair work. Bouchard Interests contest the accuracy and reasonableness of the charges and invoices, the authority to do certain repairs, the standard of the work performed, and the interest rate claimed by Bollinger;

Deny Article 10;

Deny Article 11, except to admit that Bollinger was retained to repair Barge B. No. 275 on or about March 2018 and that the Bouchard Interests paid Bollinger certain amounts for that repair work. Bouchard Interests contest the accuracy and reasonableness of the charges and invoices, the authority to do certain repairs, the standard of the work performed, and the interest rate claimed by Bollinger;

Deny Article 12;

Deny Article 13, except to admit that Bollinger was retained to repair Barge B. No. 235 on or about December 2018 and that the Bouchard Interests paid Bollinger certain amounts for that repair work. Bouchard Interests contest the accuracy and reasonableness of the charges and invoices, the authority to do certain repairs, the standard of the work performed, and the interest rate claimed by Bollinger;

Deny Article 14;

Deny Article 15, except to admit that Bollinger was retained to repair M/V RALPH E. BOUCHARD in 2016 and 2018 and that the Bouchard Interests paid Bollinger certain amounts

for that repair work. Bouchard Interests contest the accuracy and reasonableness of the charges and invoices, the authority to do certain repairs, the standard of the work performed, and the interest rate claimed by Bollinger;

Deny Articles 16, 17, and 18; and

Deny Bollinger's prayer for relief.

### THIRD DEFENSE

The Bouchard Interests assert the affirmative defense of Lis Pendens with respect to Bollinger's claim for payment of invoices allegedly owed for repairs to the Barge B No. 240, as Bollinger currently has a suit pending in the United States District Court for the Southern District of Texas, Civil Action No. 2:19-cv-00370, entitled "Bollinger Amelia Repair, LLC v. Bouchard Transportation Co., Inc., Barge B No. 240 and B No.240 Corp", seeking to recover for the same invoices related to the Barge B. No.240, and in that suit has arrested the Barge B. No. 240. The Bouchard Interests maintain that Bollinger's duplicative claims related to the Barge B. No. 240 must be dismissed in the instant civil action pending in the Eastern District of Louisiana.

### FOURTH DEFENSE

Bouchard Interests maintain that any recovery by Bollinger, which is denied, should be reduced and/or set-off by all amounts that it has received for payment of the invoices from defendants or any other source.

### FIFTH DEFENSE

Bouchard Interests assert that any recovery by Bollinger, which is denied, should be set-off based on any work that it did not perform, or any work not agreed upon between plaintiffs and defendants or others, or any substandard work.

### SIXTH DEFENSE

Any debt owed by Bouchard Interests to plaintiffs, which is denied, has been extinguished.

### SEVENTH DEFENSE

The Bouchard Interests contend that Bollinger failed to mitigate its alleged damages, and Bollinger is placed on the full proof of the fairness and reasonableness of the steps, if any, taken to minimize its alleged damages.

### EIGHTH DEFENSE

The Bouchard Interests maintain that all conditions precedent of any agreement or contract between the Bouchard Interests and Bollinger for repairs to any of the tugs or barges that are the subject of this suit have not been properly performed or fully satisfied by Bollinger including, but not limited to, that some or all of the work allegedly performed by Bollinger was done without a valid purchase order or proper authorization from the Bouchard Interests, thereby barring or reducing any sums allegedly due to Bollinger.

**WHEREFORE,** considering the foregoing, Bouchard Transportation Co., Inc. *in personam,* B. No. 240 Corp., *in personam*, B. No. 275 Corp. *in personam*, B. No. 235 Corp., *in personam*, and Tug Ralph E. Bouchard Corp.*, in personam*, pray:

1. That the Answer of Bouchard Transportation Co., Inc. *in personam,* B. No. 240 Corp., *in personam*, B. No. 275 Corp. *in personam*, B. No. 235 Corp., *in personam*, and Tug Ralph E. Bouchard Corp.*, in personam* to Bollinger's Complaint be deemed good and sufficient;

2. That Bollinger's Complaint be dismissed, at its cost, and that there be judgment in favor of Bouchard Transportation Co., Inc. *in personam,* B. No. 240 Corp., *in personam*, B. No. 275 Corp. *in personam*, B. No. 235 Corp., *in personam*, and Tug Ralph E. Bouchard Corp.*, in personam*; and

3. For all such other relief that justice and the nature of the case will allow.

    Respectfully Submitted:

    MURPHY, ROGERS, SLOSS,
     GAMBEL & TOMPKINS

    /s/ *Robert H. Murphy*
    Robert H. Murphy (#9850)
    rmurphy@mrsnola.com
    Timothy D. DePaula (#31699)
    tdepaula@mrsnola.com
    701 Poydras Street, Suite 400
    New Orleans, LA   70139
    Telephone:  (504) 523-0400
    Facsimile  :  (504) 523-5574
    *Attorneys for Bouchard Transportation Co., Inc. in personam, B. No. 240 Corp., in personam, B. No. 275 Corp. in personam, B. No. 235 Corp., in personam, and Tug Ralph E. Bouchard Corp., in personam*

4825-2715-3842, v. 1