UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BOLLINGER AMELIA REPAIR, LLC and** | * | **CIVIL ACTION NO.** |
| **BOLLINGER ALGIERS, LLC** | * | **2:19-CV-13145** |
| | * | |
| **versus** | * | **SECTION T** |
| | * | |
| **BOUCHARD TRANSPORTATION CO.,** | * | **JUDGE GUIDRY** |
| **INC.,** *in personam,* **BARGE B NO. 240,** *in rem,* | * | |
| **B NO. 240 CORP.,** *in personam,* | * | |
| **BARGE B NO. 275,** *in rem,* | * | |
| **B NO. 275 Corp.,** *in personam,* | * | **DIVISION 3** |
| **BARGE B NO. 235,** *in rem,* **B NO. 235** | * | |
| **CORP.,** *in personam,* **M/V RALPH E.** | * | **MAG. JUDGE DOUGLAS** |
| **BOUCHARD,** *in rem*, **and TUG RALPH E.** | * | |
| **BOUCHARD CORP.,** *in personam* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND FOR SANCTIONS

MAY IT PLEASE THE COURT:

Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, Bollinger Amelia

Repair, LLC and Bollinger Algiers, LLC (collectively, "Bollinger") respectfully move the Court

for an order holding defendant, Bouchard Transportation Co., Inc. ("Bouchard"), in contempt for

failing to respond to the interrogatories and request for production of documents propounded by

Bollinger Amelia Repair, LLC on February 10, 2020 and the interrogatories and request for

production of documents propounded by Bollinger Algiers, LLC on February 12, 2020 and for

sanctions striking Bouchard's defenses in this case and prohibiting Bouchard from introducing

any evidence to support the defenses it previously pleaded. Bollinger further requests an award of its attorney's fees incurred in bringing this motion.

**Background**

The history of this discovery issue is known to the Court. On February 10 and 12, 2020, Bollinger propounded interrogatories and a request for production of documents to Bouchard. On March 18, counsel for Bollinger and Bouchard participated in a discovery conference that resulted in Bollinger allowing Bouchard an additional ten days to respond, resulting in a March 30 response date to respond to Bollinger's written discovery. Bouchard still did not respond, forcing Bollinger to file a motion to compel (Rec. Doc. 29).

On April 17, the Court issued an order denying for the time being Bollinger's motion to compel (Rec. Doc. 32). However, in that order the Court extended Bouchard's time to respond to May 15. The Court further noted, "Should New York City and the tri-state area still find itself under the dire circumstances that they face at this time, Bouchard shall immediately contact this Court … to notify it of the situation in which it finds itself, and the Court will address this matter further at that time, should circumstances so warrant" (*Id.*, p. 2).

After the Court issued its April 17 order, on April 20, Bollinger moved for an extension of certain pre-trial deadlines to permit Bollinger time to conduct discovery and submit any expert reports it deemed necessary (Rec. Doc. 33). On April 24, the Court granted Bollinger's motion to extend deadline dates, and among other dates, extended Bollinger's expert report deadline to June 30 and the discovery deadline to July 30 (Rec. Doc. 34). The Court further noted that absent good cause, further modifications of the scheduling order will not be granted.

To date, Bollinger has not received a copy, and is not aware, of any communication Bouchard may have submitted to the Court pursuant to the Court's April 17 order. And in

violation of the Court's April 17 order, Bouchard did not provide any responses to Bollinger's written discovery by May 15.

Additionally, after attempting to schedule corporate depositions of Bouchard, B. No. 240 Corp., and B. No. 275 Corp. on a mutually convenient date and receiving no response from Bouchard since April 27, when draft notices of the depositions were provided, Bollinger unilaterally scheduled those depositions, by Zoom, for June 4.

**Law and Argument**

Rule 37(b)(2) provides for sanctions when a party fails to abide by a court's discovery order. Those sanctions include, but are not limited to, "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," and "striking pleadings in whole or in part." Fed.R.Civ.Pro. 37(b)(2)(A)(ii), (iii), and (vii).

"'A party commits contempt when [it] violates a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Hornbeck Offshore Services, L.L.C. v. Salazar,* 713 F.3d 787, 792 (5th Cir. 2013) (citing *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 961 (5th Cir. 1995)). "For civil contempt, this must be established by clear and convincing evidence." *Id.* "Clear and convincing evidence … [is] clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case." *Hornbeck Offshore Services, supra* (citing *Shafer v. Army & Air Force Exch. Serv.,* 376 F.3d 386, 396 (5th Cir. 2004)).

Rule 37(b)(2)(C) provides for an award of attorney's fees to the moving party unless the disobedient party can show its "failure was substantially justified or other circumstances make an award of expenses unjust."

There can be no dispute that Bouchard is in violation of the Court's April 17 order (Rec. Doc. 32) clearly and specifically requiring it to respond to Bollinger's written discovery by May 15. Bouchard is in contempt of this Court by failing to provide its written discovery responses while having direct knowledge of the Court's April 17 order. The time for the parties to comply with the Court's extended scheduling order deadlines continues to run while Bouchard ignores the Court's order and fails to permit discovery. Consequently, Bollinger has little choice but to move the Court for sanctions under Rule 37.

Bollinger respectfully requests that the Court: 1) hold Bouchard in contempt of its April 17 order, 2) strike Bouchard's defenses to Bollinger's complaint, and 3) prohibit Bouchard from introducing any evidence in support of the defenses contained in its answer. Bollinger further requests an award of appropriate attorney's fees in connection with the filing of this motion.

Respectfully submitted,

**ADAMS AND REESE LLP**

*s/ Charles A. Cerise, Jr.*

**James T. Rogers III (#21845)**
**Charles A. Cerise, Jr. (#1755)**
jim.rogers@arlaw.com
charles.cerise@arlaw.com
701 Poydras Street, Suite 4500
New Orleans, LA  70139
Telephone:  (504) 581-3234
*Attorneys for Bollinger Amelia Repair, LLC and*
*Bollinger Algiers, LLC*

- 4 -