UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOLLINGER AMELIA REPAIR, LLC and BOLLINGER ALGIERS, LLC** | * CIVIL ACTION |
| | * NO. 19-CV-13145 |
| Versus | * SECTION "T" (3) |
| **BOUCHARD TRANSPORTATION CO., *ET AL*** | * JUDGE GUIDRY |
| * * * * * * * | *    * MAG. DOUGLAS |

\* \* \* \* \* \* \* \* \*

**DECLARATION UNDER PENALTY OF PERJURY BY**
**MORTON S. BOUCHARD III**

Pursuant to 28 U.S.C. § 1746 (unsworn declaration under penalty of perjury in lieu of affidavit) Morton S. Bouchard III, hereby declares the following:

1. I am President and Chief Executive Officer of Bouchard Transportation Co., Inc. ("Bouchard"), that operates the Barge B. No.240, Barge B. No.275 and Barge B. No.235 and the M/V Ralph E. Bouchard.

2. Bouchard maintains it has legitimate, proper defenses to the Bollinger invoices claims as some repairs on the vessels were unauthorized, some repairs were required because of Bollinger's unauthorized work, some repairs were not based on a valid purchase order and some repairs were substandard and poor quality.  .

3.  As a result of the Covid-19 pandemic, since early March 2020 Bouchard has had only a handful of employees working. Bouchard's office now has five members, but there were approximately 35 office staff before the pandemic.



EXHIBIT 1

4. None of the current office staff had involvement in or responsibility for the Bollinger repairs to the involved vessels. Kevin Donohue was the Bouchard employee involved in the Bollinger repairs and liaising with Bollinger, but he is no longer employed by Bouchard.

5. None of the current office staff have ready access to documents that may be responsive to the request for production of documents propounded by Bollinger, as those documents were maintained by Donohue. The documents in Donohues former office are not well organized and his documents concerning the repairs have not been located yet.

6. The only current Bouchard representative who has knowledge of the Bouchard-Bollinger repair agreement and operation is the undersigned. But over the last several months I have been primarily focused on dealing with the company's financial issues, seeking additional financing for the operations and supervising the operations of the several vessels Bouchard operates for the vessel owning corporations. Also, I have been dealing with numerous law suits that have impacted Bouchard's business. Currently, Bouchard and the vessel owning corporations are facing five (5) lawsuits in the Eastern District of Louisiana, several suits in New York, a suit in the Southern District of Mississippi, several suits in Texas, and suits in other jurisdictions by vendors, who provided services or supplies to of the various vessels, and one of its bankers, Wells Fargo. Due to my focus on attempting to resolve Bouchard's financial difficulties and attempting to operate its business with a limited staff and fewer tugs and barges, Bouchard did not timely communicate with its local counsel in this case

EXHIBIT 1

concerning the continual, difficult effect COVID-19 had on Bouchard's attempts to obtain the information and documents to respond to Bollinger's discovery and/or request the Court for additional time to respond to the Court's discovery order.

7. Bouchard has now provided its local counsel with documents and information on the Barge B. No. 240 repair dispute. Bouchard is attempting to locate documents responsive to the Barge B. No. 275 dispute, the Tug Ralph E. Bouchard dispute and the Barge B. No, 235 dispute. Bouchard will do its best to provide counsel with the necessary information and documents to answer Bollinger's discovery within the next 7 to 10 days.

8. Bouchard apologize to the Court and Bollinger's counsel for not timely following the Court's discovery order and asks for the Court's leniency in considering Bollinger's motion to contempt and for sanctions. This was not an intentional disregard of the Court's discovery order, but resulted from Bouchard and its representatives involvement in a financially difficult time, operational challenges and short staffing due to the pandemic. Bouchard meant no disrespect to this Court by its delay in responding to the discovery Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Melville, New York this 22nd day of May 2020.

_____
Morton S. Bouchard III

EXHIBIT 1

4

EXHIBIT 1