UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOLLINGER AMELIA REPAIR, LLC** and **BOLLINGER ALGIERS, LLC** | * CIVIL ACTION NO.<br>* 2:19-CV-13145<br>* |
| **versus** | * SECTION T<br>* |
| **BOUCHARD TRANSPORTATION CO., INC.**, *in personam*, **BARGE B NO. 240**, *in rem*, **B NO. 240 CORP.**, *in personam*, **BARGE B NO. 275**, *in rem*, **B NO. 275 Corp.**, *in personam*, **BARGE B NO. 235**, *in rem*, **B NO. 235 CORP.**, *in personam*, **M/V RALPH E. BOUCHARD**, *in rem*, and **TUG RALPH E. BOUCHARD CORP.**, *in personam* | * **JUDGE GUIDRY**<br>*<br>*<br>*<br>* **DIVISION 3**<br>*<br>* **MAG. JUDGE DOUGLAS**<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND FOR SANCTIONS**

MAY IT PLEASE THE COURT:

This Court ordered Bouchard Transportation Co., Inc. ("Bouchard") to respond to written discovery propounded by Bollinger Amelia Repair, LLC and Bollinger Algiers, LLC (collectively, "Bollinger") by May 15, or if circumstances justified, immediately contact the Court to explain why more time was needed (Rec. Doc. 32). Bouchard did neither.

After ignoring this Court's Order to respond to written discovery that is 100 days old, Bouchard now implores the Court for an additional seven to ten days to respond. Bouchard's plea is the latest example of its pattern of delay, forcing Bollinger to file motions to have

Bouchard comply with rules and orders. Bouchard's request for even more time is unworkable because it will upset corporate depositions noticed for June 4[1], negatively impact the June 23 settlement conference, unfairly affect Bollinger's June 30 extended expert report deadline[2], and leave very little time to conduct discovery prior to the July 30 extended deadline.

In its opposition (Rec. Doc. 40), Bouchard provides three reasons for its admitted failure to respond to Bollinger's discovery and failure to comply with this Court's Order (Rec. Doc. 32): 1) the impact of COVID-19 on New York; 2) the departure of its former employee Kevin Donohue[3]; and 3) its current financial situation. In reality, there is one reason – Bouchard's strategy is to delay.[4]

Bouchard's delaying tactics began as soon as Bollinger filed this suit.[5] Bollinger attempted to get Bouchard simply to waive service. Bouchard and its vessel-owning companies ignored Bollinger's requests to waive service, forcing Bollinger to get summons re-issued (Rec. Doc. 14) and served on December 19 and 23, 2019 (Rec. Docs. 16-25). Bouchard and its related

---

[1]  Beginning on April 27, Bollinger sent draft notices of corporate depositions to Bouchard, B. No. 275 Corp., and B. No. 240 Corp. Bollinger offered to conduct the depositions by Zoom or another similar service. Bouchard did not respond with dates for those depositions. Bollinger then sent notices of the corporate depositions on May 13, unilaterally scheduling the depositions for June 4, by Zoom video. Topics for Bouchard's deposition include Bouchard's responses to Bollinger's written discovery, among other topics.

[2]  On April 24, upon motion by Bollinger (Rec. Doc. 33), brought as a result of Bouchard's failure to respond to written discovery, the Court extended scheduling order deadlines (Rec. Doc. 34).

[3]  The date of Donohue's departure is not provided by Bouchard.

[4]  Bouchard is engaging in the same delay with respect to Bollinger's complaints for non-payment for services at issue in civil actions 2:20-cv-00230 and 2:20-cv-00371, suits brought by other Bollinger companies, pending in other sections of this Court. Clearly, non-payment is a familiar pattern with Bouchard, as also can be seen in civil actions 2:19-cv-14666 (EDLA); 2:19-cv-14765 (EDLA); 2:20-cv-00525 (EDLA); 1:20-cv-00685 (EDNY); 2:20-cv-01272 (EDNY); 1:20-cv-01444 (EDNY); 1:19-cv-09559 (SDNY); 1:20-cv-01207 (SDNY); 1:20-cv-02370 (SDNY); 1:19-cv-00955 (SDMiss.); 2:19-cv-00370 (SDTX); 3:20-cv-00034 (SDTX); 1:20-cv-00066 (WDTX); 3:20-cv-00536 (NDTX).

[5]  Bollinger's suit seeks recovery of about $5 million which Bouchard has not paid for work performed on four Bouchard vessels. The majority of the invoices date back to 2018 (Rec. Docs. 1-2, 1-3, 1-4, and 1-5).

vessel-owning companies did not answer until January 16, 2020 (Rec. Doc. 26), three months after Bollinger filed suit. The Court held a scheduling conference on February 6 (Rec. Doc. 28). Bollinger then propounded its written discovery on February 10 and 12. Bouchard did not answer or object to the written discovery by the due date. Bollinger was forced to hold a discovery conference on March 18, at which time Bouchard requested ten more days to answer. Bollinger agreed. Bouchard did not answer. Bollinger then was forced to file its motion to compel on March 31 (Rec. Doc. 29). The Court ordered Bouchard to respond by May 15. Bouchard ignored the Order.

In its opposition memorandum, Bouchard references the many other lawsuits it currently is facing, and those include civil action 2:20-cv-01116, filed by Bouchard in this Court and civil action 1:19-cv-09559 filed by Bouchard in the Southern District of New York.[6] Bouchard understandably may desire to focus its energy and resources on the claims it has initiated and triage the cases it is defending, but Bollinger cannot permit Bouchard's priorities and strategy to prejudice its rights in this case, especially given Bouchard's current financial condition as revealed in its opposition memorandum.

Bouchard admits the COVID-19 lockdown in New York began on March 7, which was almost a month after Bollinger sent its written discovery. Bollinger is not insensitive to issues created by the pandemic. But deadlines for Bollinger to act under the extended scheduling order continue to tick away while Bouchard delays until Bollinger is forced to effect service and file motions. Then, Bouchard begs for more time. Bouchard has owed Bollinger a substantial sum since 2018, well before New York went into lockdown.

---

[6] Bouchard apparently has been able to discuss discovery in the SDNY matter. See docket entry 83.

Mr. Bouchard's subordinate, Mr. Donohue, may no longer be an employee of Bouchard, but it is clear from the second paragraph of Mr. Bouchard's declaration under penalty of perjury (Rec. Doc. 40-1) that Mr. Bouchard possesses some knowledge of the defenses Bouchard has asserted in its answer filed on January 16. In addition, Bouchard clearly has had others in its employ since February 2020.

Finally, given the seemingly precarious financial position of his companies referenced by Mr. Bouchard in his declaration, it obviously is imperative that Bollinger move forward with this lawsuit.

Bollinger respectfully requests that its motion be granted.

                                      Respectfully submitted,

                                      **ADAMS AND REESE LLP**

                                      *s/ Charles A. Cerise, Jr.*
                                      **James T. Rogers III (#21845)**
                                      **Charles A. Cerise, Jr. (#1755)**
                                      jim.rogers@arlaw.com
                                      charles.cerise@arlaw.com
                                      701 Poydras Street, Suite 4500
                                      New Orleans, LA  70139
                                      Telephone:  (504) 581-3234
                                      *Attorneys for Bollinger Amelia Repair, LLC and Bollinger Algiers, LLC*